IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AMIR FATIR,                                  )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     ) Civ. Action No. 16-315-GMS
                                             )
GOV. JACK MARKELL, et al.,                   )
                                             )
            Defendants.                      )

## MEMORANDUM

The plaintiff, Amir Fatir ("Fatir"), an inmate at the James T. Vaughn Correctional Center

("VCC), Smyrna, Delaware, filed this lawsuit on May 3, 2016. (D.I. 1.) He proceeds *pro se* and

has been granted leave to proceed *in forma pauperis*. (D.I. 8, 10.) The court now proceeds to

review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## I. BACKGROUND

Fatir filed his complaint pursuant to 42 U.S.C. § 1983[1] alleging violations of the First,

Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.  The

complaint also alleges violations of the Religious Land Use and Institutionalized Persons Act of

2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, violations of the Health Insurance Portability and

Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936  ("HIPPA"), violations of the

Delaware Constitution, and violations of Delaware Department of Correction ("DOC") policies

and its inmate reference manual.  The complaint also raises supplemental state law claims.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## II. STANDARD OF REVIEW

The court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Fatir proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146,

157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011) (unpublished).

## III. THE COMPLAINT

The 102 page complaint (D.I. 1) contains 581 numbered paragraphs[2] and 49 counts raised against 48 defendants (*see* ¶¶ 20 - 63) in his or her individual or official capacity (*see* ¶ 64). Fatir seeks injunctive relief, declaratory relief, and compensatory damages on certain claims, and punitive damages (*see* ¶ 580) as to all claims. The discrete claims are distilled as follows:

### A. Classification

The classification claims consist of Counts 1 through 5, and are found at paragraph 11, paragraphs 65 through 93, and paragraphs 273 through 307. Counts 1, 2, 3, 4, and 5 are raised against Robert Coupe ("Coupe"), Chris Klein ("Klein"), David Pierce ("Pierce"), John Brennan ("Brennan"),[3] Richard Porter ("Porter"), Kevin Fletcher ("Fletcher"), Perry Phelps ("Phelps"), Ronald Hosterman ("Hosterman"), James Scarborough ("Scarborough"), Phillip Parker ("Parker"), and William "Bill" Evans ("Evans"). Fatir seeks injunctive relief.

### B. Religion

The religion claims consists of Counts 6 through 25, and are found at paragraphs 2 and 15, paragraphs 94 though 122, paragraphs 181 through 191, and paragraphs 308 through 391. Counts 6, 7, and 9 through 25 are raised against Coupe, Pierce, Brennan, Phelps, Hosterman,

---

[2]The complaint contains more than 581 paragraphs because of several instances of duplicate renumbering of paragraphs. For example, there is no paragraph 17 (D.I. 1 at 5-6), two paragraphs No. 50, (*id.* at 11), two paragraphs Nos. 403, 404, 405, 406, 407, and 408 (*id.* at 77-78), two paragraphs Nos. 476, 477, 478, 479, 480, 481 (*id.* at 89-90), and three paragraph Nos. 482 (*id.* at 90).

[3]Also spelled as "Brenan".

Parker, Klein, Frank Pennell ("Pennell"), Scarborough, Gus Cristo ("Cristo"),[4] and Michael Waters ("Waters"). Count 8 is raised against Coupe, Pierce, Brennan, Phelps, Hosterman, Parker, Klein, Matthew Dutton ("Dutton"), Scarborough, Cristo, and Waters. Fatir seeks injunctive relief and declaratory relief.

### C. Conditions of Confinement

The conditions of confinement claims consist of Counts 26 through 29[5] and 46, 47, and 49, and are found at paragraphs 3, 9, 13, 14, and 16, paragraphs 123 through 150, paragraphs 170 through 180, paragraphs 246 through 250, paragraphs 392 through 406, paragraphs 486 through 492, and paragraphs 500a and 500b.[6] Counts 26 through 29 are raised against Coupe, Phelps, Klein, Pierce, Parker, Jeffrey Carrothers ("Carrothers"), Brennan, Hosterman, Ernest L. Kulhanek ("Kulhanek"), David L. Neeld ("Neeld"), Robert D. Wallis ("Wallis"), Officer Runyon ("Runyon"), Matthew Stevenson ("Stevenson"), Bruce Burton ("Burton"), and Steven Bilbrough ("Bilbrough"). Counts 46 and 47 are raised against Coupe, Phelps, Klein, Pierce, Parker, Scarborough, Brennan, Michael Knight ("Knight"), Tonya Smith ("Smith"), Christenson (who is not a named defendant),[7] Carol Powell ("Powell"), Gina Feretti ("Feretti"), and Mark Richman

---

[4]Also spelled as "Christo".

[5]Count 27 is found at paragraphs 398 through 403, pages 76 and 77; Count 28 is found at paragraphs 404 through 408 and second paragraph 403, pages 77 and 78; and Count 29 is found at paragraphs 404 through 406, page 78.

[6]Wadell Lundy ("Lundy"), who is employed by the DOC as a food service administrator, is listed as a defendant in the caption of the complaint and in the section of the complaint that describes the defendants (D.I. 1, ¶ 48), but there are no allegations raised against him in the body of the complaint.

[7]Paragraph 488 of Count 46 and paragraph 492 of Count 47 state that Christenson is responsible for the violations in the respective counts. Christenson is not named as a defendant

("Richman").[8]  Count 49 is raised against Coupe, Pierce, Phelps, Scarborough, Parker, Klein, Carrothers, Bilbrough, Stevenson, Burton, Runyon, and Brennan.  Fatir seeks injunctive relief and declaratory relief.

### D. Medical Needs

The medical needs claims consist of Counts 30,[9] 31, 32, 34, 35, and 36, and are found at paragraph 1, paragraphs 151 through 169, paragraphs 407 through 429, and paragraphs 439 through 448.[10]  Counts 30, 31, and 32 are raised against Connections ("Connections"), Dr. Maureen Gay-Johnson ("Dr. Gay-Johnson"), C. D. McKay ("McKay"), Coupe, Klein, Phelps, Richman, Laura Ann Spraga ("Spraga") (who is not a named defendant),[11] Pierce, Benedictis ("Benedictis") (who is not a named defendant),[12] Parker, Scarborough, Dr. Andrew Berman ("Dr. Berman"), Delaware Eye Care Center ("Delaware Eye Care"), Dr. Paula C. Ko ("Dr. Ko"), Eye

---

in the caption of the complaint or in the section of the complaint that identifies the defendants.

[8]Also spelled as "Richamn".

[9]Count 30 is found at D.I. 1, second paragraphs 407 and 408, and paragraphs 409 through 413, pages 78 and 79.

[10]Christine Reagan ("Reagan"), who is employed by Connections as its medical director, is listed as a defendant in the caption of the complaint and in the section of the complaint that describes the defendants (D.I. 1, ¶ 46a), but there are no allegations raised against her in the body of the complaint.

[11]Paragraph 413 of Count 30, paragraph 419 of Count 31, paragraph 429 of Count 32, Paragraph 440 of Count 34, paragraph 443 of Count 35, and paragraph 448 of Count 36 state that Spraga is responsible for the violations in each respective count.  Spraga is not named as a defendant in the caption of the complaint or in the section that identifies the defendants.

[12]Paragraph 413 of Count 30, paragraph 419 of Count 31, paragraph 429 of Count 32, Paragraph 440 of Count 34, paragraph 443 of Count 35, and paragraph 448 of Count 36 state that Benedictis is responsible for the violations in each respective count.  Benedictis is not named as a defendant in the caption of the complaint or in the section that identifies the defendants.

Physicians and Surgeons, P.A. ("Eye Physicians and Surgeons"), and Dr. Gary I. Markowitz ("Dr. Markowitz"). Count 34 is raised against Connections, Dr. Gay-Johnson, McKay, Coupe, Klein, Phelps, Richman, Spraga (*see* n.11), Pierce, Benedictis (*see* n.12), Parker, Scarborough, and Lesley Sexton ("Sexton") (who is not a named defendant).[13] Count 35 is raised against Connections, Dr. Gay-Johnson, McKay, Coupe, Klein, Phelps, Richman, Spraga (*see* n.11), Pierce, Benedictis (*see* n.12), Parker, Scarborough, and Sexton (*see* n.13), Powell, and Smith. Count 36 is raised against Connections, Dutton, McKay, Coupe, Klein, Phelps, Richman, Spraga (*see* n.11), Pierce, Benedictis (*see* n.12), Parker, Scarborough, and Sexton (*see* n.13). Fatir seeks injunctive relief and declaratory relief. Fatir has also filed a motion to appoint a medical expert. (D.I. 17.)

### E. Internet Access

The internet access claim consists of Count 33, and is found at paragraph 7, paragraphs 200 through 206, and paragraphs 430 through 438. Count 33 is raised against Coupe, Phelps, Klein, Pierce, Parker, Scarborough, Brennan, Carrothers, and Hosterman. Fatir seeks injunctive relief and declaratory relief.

### F. Denial of Publications

The denial of publication claims consist of Counts 37 and 38, and are found at paragraph 8, paragraphs 251 through 254, and paragraphs 449 through 453. Counts 37 and 38 are raised

---

[13]Paragraph 440 of Count 34, paragraph 443 of Count 35, and paragraph 448 of Count 36 state that Sexton is responsible for the violations in each respective count. Sexton is not named as a defendant in the caption of the complaint or in the section that identifies the defendants. However, Sexton is referred to in paragraph 167 as Connections' director who has "individually and jointly violated" Fatir's rights. (*See* D.I. 1, ¶ 167.)

against Coupe, Phelps, Klein, Pierce, Parker, Scarborough, Brennan, Carrothers, Hosterman,

Powell, and Smith.  Fatir seeks injunctive relief and compensatory damages.

### G. Telephone Contract

The fraudulent telephone contract claim consists of Count 39, and is found at paragraph

5, paragraphs 207 through 223, and paragraphs 454 through 456.[14]  Count 39 is raised against

Coupe, Phelps, Klein, Ann Visali ("Visali"), Pierce, Parker, Scarborough, Brennan, Carrothers,

and Hosterman.  Fatir seeks injunctive relief and compensatory damages.

### H. Postal Charges

The postal charges claim consists of Count 40, and is found at paragraph 10, paragraphs

239 through 245, and paragraphs 457 through 462.  Count 40 is raised against Coupe, Phelps,

Klein, Pierce, Parker, Scarborough, Brennan, Carrothers, Powell, and Smith.  Fatir seeks

injunctive relief and compensatory damages.

### I. Special Visits

The denial of special visits claims consist of Counts 41 through 43,[15] and are found at

paragraph 6, paragraphs 192 through 199, and paragraphs 463 through 483 (including the second

paragraph No. 475).  Counts 41 and 42 are raised against Coupe, Phelps, Klein, Pierce, Parker,

---

[14]The complaint names Global Tel* Link ("Global") and its employee Janice Altmon Brazile ("Brazile") as defendants (*id.* at ¶¶ 56, 57) and refers to them in paragraphs 208, 209, 212, 212, 213, 215, 217, and 220.  The fraudulent contract claim (*i.e.*, Count 39) does not allege they are responsible parties.  (*See* ¶ 456.)

[15]Count 42 is found at paragraphs 472 through 476, pages 88 and 89; Count 43 is found at paragraphs 477 through 482 (there are two paragraphs No. 482 in Count 43) and second paragraph 476, pages 89 and 90.

Scarborough, Brennan, Carrothers, S. Floyd ("Floyd"), and Clark-Boston ("Boston").[16]  Count 43 is raised against Coupe, Phelps, Klein, Pierce, Parker, Scarborough, Brennan, Carrothers, Powell, Floyd, and Boston.  Fatir seeks injunctive relief and compensatory damages.

### J. Good Time Credits

The denial of good time credits claims consist of Counts 44 and 45,[17] and are found at paragraph 4, paragraphs 255 through 272, and paragraphs 477 through 485.[18]  Counts 44 and 45 are raised against Coupe, Phelps, Klein, Pierce, Smith, Powell, Parker, Scarborough, Dan Ree Heath ("Heath"), Cathy Escherich ("Escherich"), and Rebecca McBride ("McBride").  Fatir seeks injunctive relief and declaratory relief.

### K. Commutation

The denial of commutation claim consists of Count 48, and is found at paragraph 12, paragraphs 224 through 238, and paragraphs 493 through 500.  Count 48 is raised against the defendant Governor Jack Markell ("Markell").  Fatir seeks injunctive relief and declaratory relief.

## IV. DISCUSSION

"The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance

---

[16]Also referred to as Boston-Clark.

[17]Count 44 is found at second paragraphs 477 through 481, page 90; and Count 45 is found at third paragraph 482 and paragraphs 483 through 485, pages 90 and 91.

[18]Toby Davis ("Davis"), who resides or works at central offender records in Dover, Delaware, is listed as a defendant in the caption of the complaint and in the section of the complaint that describes the defendants (D.I. 1, ¶ 46), but there are no allegations raised against Davis in the body of the complaint.

with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007). *See George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) ("The, "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby,* 53 F. App'x 14, 16 (10th Cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . .").

The complaint contains many unrelated claims against numerous defendants in violation of Fed. R. Civ. P. 20(a). Indeed, the complaint as it stands is clearly unmanageable and the forty-eight defendants would have great difficulty responding to it. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). Here, Fatir asserts a host of completely unrelated claims that do not arise out of the same transaction or occurrence or series of transactions or occurrences or involve issues of law or fact common to all forty-eight defendants.

Based upon the foregoing, the court determines that the instant case will consist of the classification claims at Counts 1 through 5 that seek injunctive relief and punitive damages against Coupe, Klein, Pierce, Brennan, Porter, Fletcher, Phelps, Hosterman, Scarborough, Parker,

and Evans. The classification claims are found in the following paragraphs: D.I. 1 at ¶¶ 11, 18, 19, 21, 22-26, 28-30, 33, 47, 64-93, 273-307, 501, 502, 538, 580, 581. This case will be screened in a separate memorandum and order.

The court will direct the Clerk of Court to open ten new cases that raise the following unrelated issues:[19]

1. **Religion**, comprised of Counts 6 through 25 that seek injunctive and declaratory relief, as well as punitive damages, against Coupe, Pierce, Brennan, Phelps, Hosterman, Parker, Klein, Pennell, Scarborough, Cristo, Waters, and Dutton. The religion claims are found in the following paragraphs: D.I. 1 at ¶¶ 2, 15, 18, 19, 21, 22-26a, 28, 33-35, 63, 64, 94-122, 181-191, 308-391, 501, 503-521, 538, 546-552, 559, 561, 580, 581.

2. **Conditions of confinement**, comprised of Counts 26 through 29, and 46, 47, and 49, that seek injunctive and declaratory relief, as well as punitive damages, against Coupe, Phelps, Klein, Pierce, Parker, Carrothers, Brennan, Hosterman, Kulhanek, Neeld, Wallis, Runyon, Stevenson, Burton, Bilbrough, Scarborough, Knight, Smith, Powell, Feretti, Richman, and Lundy. The conditions of confinement claims are found in the following paragraphs: D.I. 1 at ¶¶ 3, 9, 13, 14, 16, 18, 19, 21-26, 27-28, 31-33, 36-42, 48, 62, 64, 123-150, 170-180, 246-250, 392-408 (*see* n.2, n.5), 486-492, 500-501, 503, 522-527, 538, 555-557, 558a, 559, 571, 573, 580, 581.

3. **Medical needs**, comprised of Counts 30, 31, 32, 34, 35, and 36, that seek injunctive and declaratory relief, as well as punitive damages, against Connections, Dr. Gay-Johnson,

---

[19]The court will include named defendants against whom there are no allegations as defendants in the newly opened cases given that the court is not screening the newly opened cases and Fatir will be given leave to amend, should he wish to do so.

McKay, Coupe, Klein, Phelps, Richman, Pierce, Parker, Scarborough, Dr. Berman, Delaware Eye Care, Dr. Ko, Eye Physicians and Surgeons, Dr. Markowitz, Powell, Smith, Dutton, and Reagan. The medical needs claims are found in the following paragraphs: D.I. 1 at ¶¶ 1, 18, 19, 21, 22-26, 31, 32, 41, 46a, 49-54,[20] 59, 63, 64, 151-169, 407-429 (*see* n.2, n.9), 439-448, 501, 503, 528-532, 538, 553, 559, 560, 562, 580, 581.

4. **Internet access**, comprised of Count 33 that seeks injunctive and declaratory relief, as well as punitive damages against Coupe, Phelps, Klein, Pierce, Parker, Scarborough, Brennan, Carrothers, and Hosterman. The internet access claim is found in the following paragraphs: D.I. 1 at ¶¶ 7, 18, 19, 21, 22-26, 27-28, 33, 64, 200-206, 430-438, 501, 503, 533, 538, 559, 572, 580, 581.

5. **Denial of publications**, comprised of Counts 37 and 38, that seek injunctive relief and compensatory and punitive damages, against Coupe, Phelps, Klein, Pierce, Parker, Scarborough, Brennan, Carrothers, Hosterman, Powell, and Smith. The denial of publication claims are found in the following paragraphs: D.I. 1 at ¶¶ 8, 18, 19, 21, 22-26, 27-28, 31-33, 64, 251-254, 449-453, 501, 503, 534, 538, 578-581.

6. **Fraudulent telephone contract**, comprised of Count 39 that seeks injunctive relief and compensatory and punitive damages, against Coupe, Phelps, Klein, Visali, Pierce, Parker, Scarborough, Brennan, Carrothers, Hosterman, Global, and Brazile. The fraudulent telephone contract claim is found in the following paragraphs: D.I. 1 at ¶¶ 5, 18, 19, 21, 22-26, 27-28, 33, 56-58, 64, 207-223, 454-456, 501, 503, 535, 538, 574, 580, 581.

---

[20]There are two paragraph No. 50. (*See* D.I. 1 at 11.) One describes Dr. Markowitz and the other describes Dr. Berman.

7. **Postal charges**, comprised of Count 40 that seeks injunctive relief and compensatory and punitive damages, against Coupe, Phelps, Klein, Pierce, Parker, Scarborough, Brennan, Carrothers, Powell, and Smith. The postal charges claim is found in the following paragraphs: D.I. 1 at ¶¶ 10, 18, 19, 21, 22-26, 27-28, 64, 239-245, 457-462, 501, 503, 536-538, 575, 576, 580, 581.

8. **Special visits**, comprised of Counts 41 through 43, that seek injunctive relief and compensatory and punitive damages, against Coupe, Phelps, Klein, Pierce, Parker, Scarborough, Brennan, Carrothers, Powell, Floyd, and Boston. The denial of special visits claims are found in the following paragraphs: D.I. 1 at ¶¶ 6, 18, 19, 21, 22-26, 27-28, 32, 60, 61, 64, 192-199, 463-482 (*see* n.2, n.15), 501, 503, 538, 541-545, 554, 577, 580, 581.

9. **Denial of good time credits**, comprised of Counts 44 and 45, that seek injunctive and declaratory relief, as well as punitive damages, against Coupe, Phelps, Klein, Pierce, Smith, Powell, Parker, Scarborough, Heath, Escherich, McBride, and Davis. The denial of good time credits claims are found in the following paragraphs: D.I. 1 at ¶¶ 4, 18, 19, 21-26, 31, 32, 43-46, 64, 255-272, 477-485 (*see* n.2, n.17), 501, 503, 538-540, 559, 567-570, 580, 581.

10. **Denial of Commutation**, consisting of Count 48 that seeks injunctive and declaratory relief, as well as punitive damages, against Markell. The denial of commutation claim is found in the following paragraphs: D.I. 1 at ¶¶ 12, 18-20, 64, 224-238, 493-500, 501, 503, 538, 558, 559, 563-566, 580, 581.

For each newly opened case, pursuant to the requirements of 28 U.S.C. § 1915(a)(1) and (2), and in order to determine the schedule of payment of the filing fee, Fatir shall submit to the

Clerk of Court, a request to proceed *in forma pauperis* and a certified copy of his prison trust fund account statement.

## V. CONCLUSION

For the above reasons, the Clerk of Court will be directed to open ten new cases as outlined above.  The instant case will be screened in a separate memorandum and order.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Oct 12 , 2016
Wilmington, Delaware

13